54

**UNITED STATES of America**

v.

**Franklin Dwayne VOGUES, Appellant**

**No. 01–3851.**

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) April 25, 2002.

Filed May 8, 2002.

Before BECKER, Chief Judge,
SCIRICA and RENDELL, Circuit
Judges.

OPINION OF THE COURT

SCIRICA, Circuit Judge.

Under a plea agreement, Franklin Dwayne Vogues pled guilty to failure to surrender for service of sentence under 18 U.S.C. 3146(a)(2). He was sentenced to sixteen months' imprisonment and three years' supervised release. The issue on appeal is whether Vogues's Criminal History Score was treated properly under U.S.S.G. 4A1.2.

I.

On November 6, 2000, Vogues failed to surrender to serve a sentence of three years' imprisonment and three years' supervised release resulting from his conviction for being a felon in possession of a weapon (18 U.S.C. 922(g)(1)). Vogues has two other past felony convictions. On Jan-uary 11, 1995 and November 16, 1995, he was arrested for cocaine possession. On June 6, 1996, Vogues was sentenced to two five-year sentences one on each conviction to be served concurrently.

In this case, Vogues's base offense level was 11. U.S.S.G. 2J1.6(a)(1). Two levels were reduced for acceptance of responsibility. Id. 3E1.1(a). With a total offense level of 9 and a Criminal History Category of IV, Vogues's applicable sentence range was twelve to eighteen months. The District Court sentenced him to sixteen months' imprisonment. Vogues objects to his placement in Criminal History Category IV.

II.

Vogues contends the District Court misapplied the sentencing guidelines in calculating his Criminal History Score. We review de novo. United States v. Hallman, 23 F.3d 821, 823 (3d Cir.1994). Vogues asserts his 1995 cocaine convictions are so "related" they should have been treated as one under U.S.S.G. 4A1.2(a)(2). But an intervening arrest renders similar offenses "unrelated" for purposes of the applicable guideline. U.S.S.G. 4A1.2 app. n. 3; see also Hallman, 23 F.3d at 825. Vogues's 1995 arrests were separated by ten months. He committed the second crime while out on bail for the first. Given these circumstances, the District Court properly calculated Vogues's Criminal History points.

III.

For the foregoing reasons, we will affirm the judgment of conviction and sentence.